KARIN G. PAGNANELLI (174763)
kgp@msk.com
MARC E. MAYER (190969)
mem@msk.com
GILBERT LEE (267247)
gsl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Defendants ACTIVISION BLIZZARD, ACTIVISION PUBLISHING, VOYETRA TURTLE BEACH, INC., PENGUIN GROUP (USA), INC., and MICROSOFT CORPORATION and Counterclaimant ACTIVISION PUBLISHING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALOGIC, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACTIVISION BLIZZARD, a Delaware corporation; ACTIVISION PUBLISHING, a Delaware corporation; VOYETRA TURTLE BEACH, INC., a New York corporation; PENGUIN GROUP (USA), INC., a Delaware corporation; MICROSOFT CORPORATION, a Washington corporation; and DOES 1 through 10,<br><br>　　　　Defendants. | CASE NO. CV12-04011 JFW (SHx)<br><br>Honorable John F. Walter<br><br>**DEFENDANTS ACTIVISION BLIZZARD, INC., ACTIVISION PUBLISHING, INC., AND PENGUIN GROUP (USA), INC.'S RESPONSE TO THE COURT'S APRIL 1, 2013 ORDER TO SHOW CAUSE** |
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>NOVALOGIC, INC., a California corporation,<br><br>　　　　Counterclaim Defendant. | **DATE:**　May 13, 2013<br>**TIME:**　 1:30 p.m.<br>**CTRM.:**　16 |

Mitchell
Silberberg &
Knupp LLP

5233068.1

TO THE HONORABLE COURT:

Defendants Activision Blizzard, Inc., Activision Publishing, Inc., and Penguin Group (USA), Inc. hereby respond to the Court's April 1, 2013 Order to Show Cause why Docket No. 40 (the Declaration of James D. Berkley) should not be stricken.  Defendants respectfully apologize for any inconvenience caused to the Court.  Defendants attempted to comply in good faith with Paragraph 5(b) of the Court's Standing Order by submitting – in addition to the courtesy copies of the Declaration of James D. Berkley and evidence attached thereto – a single "slant D-ring binder with each item of evidence separated by a tab divider on the right side [with] a label on the spine of the binder identifying its contents."  Because Paragraph 5(b) states that "[i]f such evidence exceeds fifty pages, the Court's Courtesy Copies of such evidence must be placed in a slant D-ring binder," Defendants are herewith accordingly resubmitting two courtesy copies of the Declaration of James D. Berkley and its accompanying evidence, with each courtesy copy itself placed in the type of binder specified in Paragraph 5(b).  Plaintiff NovaLogic will not be prejudiced by the resubmission of these courtesy copies because NovaLogic was already served (through the CM/ECF system) with the Declaration of James D. Berkley and all of its accompanying evidence, and furthermore Plaintiff NovaLogic has already been granted an extension of time to respond to the pending Partial Motion for Summary Judgment.  *See* Dkt. 46 (granting Plaintiff until April 15, 2013 to respond).  Accordingly, Defendants respectfully request that the Court not strike the Declaration of James D. Berkley.

DATED: April 4, 2013

KARIN G. PAGNANELLI
MARC E. MAYER
GILBERT LEE
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
Marc E. Mayer
Attorneys for Defendants

Mitchell Silberberg & Knupp LLP

5233068.1

1